Lisa T. Omoto SBN 303830
E-mail: lomoto@faruqilaw.com
**FARUQI & FARUQI, LLP**
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: 424-256-2884
Facsimile: 424-256-2885

James M. Wilson, Jr. (appearance *pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:  jwilson@faruqilaw.com

Robert W. Killorin (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617
Facsimile: 404-506-9534
Email: rkillorin@faruqilaw.com

*Attorneys for Proposed Lead Plaintiffs*
*Robert Barnetzke and Pamela Barnetzke*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SAYLOR, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CARIBOU BIOSCIENCES, INC., RACHEL E. HAURWITZ, and JASON V. O'BYRNE, <br><br> Defendants. | Case No. 3:24-cv-09413-VC <br><br> **ROBERT BARNETZKE AND PAMELA BARNETZKE'S MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** <br> <u>**CLASS ACTION**</u> <br><br> Judge:  Hon. Vince Chhabria <br> Date:    April 3, 2025 <br> Time:   10:00 a.m. <br> Courtroom:   4 – 17th Floor |

Robert Barnetzke and Pamela Barnetzke (the "Barnetzkes") respectfully submit this memorandum of law in opposition to competing lead plaintiff motions and in further support of their motion for an Order: (1) appointing the Barnetzkes as Lead Plaintiffs in the above-captioned action; (2) approving the Barnetzkes' selection of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.[1]

**INTRODUCTION**

On February 24, 2024, shareholders of Caribou Biosciences, Inc. ("Caribou" or the "Company") filed motions with this Court for appointment as lead plaintiff (and for appointment of their counsel as lead counsel) under the PSLRA. *See* ECF No. 12 at 1 (Robert Jackson ("Jackson")); ECF No. 15 at 1 (Michael Forest Hoeferlin, Jr. ("Hoeferlin")); and ECF No. 18 at 1 (the Barnetzkes)). The movants argued that they should be appointed lead plaintiff on the grounds that each movant had the largest losses and otherwise met the adequacy and typicality requirements of Fed. R. Civ. P. 23.

On March 6, 2025, Jackson filed a Notice of Withdrawal of Motion and Motion of Robert Jackson for: (1) Appointment as Lead Plaintiff; and (2) Approve Selection of Counsel ("Notice of Withdrawal"). *See* ECF No. 25. On March 10, 2025, Hoeferlin filed a Statement of Non-Opposition of Michael Forest Hoeferlin, Jr. to Competing Motions for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Statement of Non-Opposition"). *See* ECF No. 27. Therefore, the Barnetzkes' Motion is unopposed.[2]

---

[1] All terms not otherwise defined herein shall have the same meaning as those terms in the Notice of Motion and Motion of Robert Barnetzke and Pamela Barnetzke for Appointment as Lead Plaintiffs and Approval of Lead Counsel; Memorandum of Points and Authorities in Support Thereof ("Opening Brief"). ECF No. 18. All references to "Omoto Decl., Ex. __" are exhibits to the Declaration of Lisa T. Omoto in Support of Motion of Robert Barnetzke and Pamela Barnetzke for Appointment as Lead Plaintiffs and Approval of Lead Counsel. ECF No. 18-1. All citations and internal quotation marks are omitted and all emphases are added unless otherwise noted.

[2] In addition, on March 10, 2025, Defendants Caribou, Rachel E. Haurwitz and Jason V. O'Byrne ("Defendants") filed a Statement of Non-Opposition to Motions for Appointment as Lead Plaintiff and Approval of Lead Counsel. ECF No. 26.

1

Under Section 21D of the Exchange Act, as amended by the PSLRA, Congress established a **presumption in favor** of appointment as Lead Plaintiff the movant who demonstrates the "largest financial interest" in the litigation and who makes a prima facie showing that the class member satisfies the PSLRA's procedural requirements and Rule 23's typicality and adequacy requirements. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted "only upon proof" that the presumptively most adequate plaintiff will not fairly and adequately protect the class interest or will be subjected to "unique defenses that render that plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Barnetzkes are clearly the presumptive Lead Plaintiffs under the PSLRA. With losses of $218,841.54, the Barnetzkes clearly possesses the largest financial interest in the Action compared to the other remaining Lead Plaintiff movants. *See* Opening Brief (ECF No. 18 at 2, 7); the Barnetzkes' PSLRA Certifications (Omoto Decl., Ex. B, ECF No. 18-3) and Loss Chart (Omoto Decl., Ex. C, ECF No. 18-4). The movant with the next largest loss, Jackson, reported losses of only $67,050.67 (approximately 30% of the losses of the Barnetzkes). *See* Jackson Opening Brief (ECF No. 12 at 6); PSLRA Certification (ECF No. 12-2); and Loss Chart (ECF No. 12-3). The other movant's loss of $25,380.00 (Hoeferlin) (*see* Hoeferin Opening Brief (ECF No. 15 at 8), PSLRA Certification (ECF No. 15-4), and Loss Chart (ECF No. 15-3)) also is far lower than the Barnetzkes' losses. Neither Jackson nor Hoeferlin contested that the Barnetzkes have the largest financial interest in this Action. This Court should therefore adopt the presumption provided by the PSLRA that the Barnetzkes are the most adequate Lead Plaintiffs and appoint them Lead Plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The Barnetzkes also meet Rule 23's typicality and adequacy requirements. The Barnetzkes are a married couple residing in Tomahawk, Wisconsin.  Omoto Decl., Ex. D, ECF No. 18-5 at ¶¶ 2, 5-6, 8.  Robert Barnetzke, a U.S. citizen, has a B.A. from Upper Iowa University, is retired and had previously worked as an Engineer and Director. *Id.* ¶¶ 2-4. Pamela Barnetzke, a U.S. citizen, is a dental assistant and administrator.  *Id.* ¶¶ 6-7.  Robert Barnetzke

2

has been investing in the stock market for approximately 20 years. *Id.* ¶ 5. Pamela Barnetzke has been investing in the stock market for approximately 5 years. *Id.* ¶ 8. The Barnetzkes manage their own investment decisions (*id.* ¶¶ 5. 8), and understand the duties and responsibilities of being Lead Plaintiffs, including fiduciary duties to the class. *Id.* ¶ 10. Neither Jackson nor Hoeferlin contested that the Barnetzkes meet Rule 23's adequacy and typicality requirements.

For the reasons summarized above and explained further below, the Barnetzkes respectfully ask this Court to grant their Motion to be appointed Lead Plaintiffs and approve their selection of the Faruqi Firm to act as Lead Counsel.

**ARGUMENT**

**I.    THE BARNETZKES SHOULD BE APPOINTED LEAD PLAINTIFFS FOR THE CLASS**

As described in their Opening Brief, the Barnetzkes have met all of the PSLRA requirements to be appointed Lead Plaintiffs in this case.

The Barnetzkes timely filed a motion to be appointed lead plaintiffs. *See* Opening Brief 6-7. Further, as demonstrated in his opening motion papers, Menon has the largest financial interest in the outcome of the case and otherwise satisfies Rule 23. *Id*. at 7-10. No other movant, or any Defendant, has contested that the Barnetzkes meet all of the PSLRA requirements to be appointed Lead Plaintiff.

**A.    The Barnetzkes Are The Presumptive Lead Plaintiffs**

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)).

**ROBERT BARNETZKE AND PAMELA BARNETZKE'S MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; Case No. 3:24-cv-09413-VC**

As described in their opening brief, the Barnetzkes have fully satisfied the PSLRA's requirements for appointment of Lead Plaintiffs. *See generally* the Barnetzkes' Lead Plaintiff Motion (ECF No. 18). Their motion was timely filed and included the required certifications identifying all of their relevant transactions in Caribou securities during the Class Period showing that they have the largest financial interest in the case. *See* Opening Br. 6-7. The Barnetzkes also filed the required documentation showing that their claims are typical of the class, and that they will be adequate representatives as required under Rule 23. *See id*. at 8-10. The Barnetzkes should therefore be appointed Lead Plaintiffs.

### B. The Barnetzkes Have The Largest Financial Interest In The Relief Sought By The Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). The Barnetzkes clearly are those people.

Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit typically look to four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See Query v. Maxim Integrated Prods., Inc.*, 558 F. Supp. 2d 969, 973 (N.D. Cal. 2008); *Richardson v. Tvia, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *3 (N.D. Cal. April. 16, 2007). Courts have placed the most emphasis on the last of the four factors: the approximate losses suffered by the movant. *See Richardson*, 2007 WL 1129344, at *4; *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015); *In re Diamond Foods, Inc., Sec. Litig.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012) ("The fourth factor, approximate loss, is generally considered the most important factor."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No.

5:11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012) ("Courts applying the *Olsten* test generally place the greatest emphasis on the last of these factors[,]" *i.e.*, approximate losses).

As illustrated in the table below, the Barnetzkes are indisputably the movants with the largest financial loss:

| Movant(s) | Total Shares Acquired | Net Shares Acquired | Net Funds Expended | Losses |
|---|---|---|---|---|
| The Barnetzkes | 70,001 | 70,001 | $362,654.71 | -$218,841.54 |
| ~~Robert Jackson[3]~~ | ~~27,000~~ | ~~17,500~~ | ~~$165,530.95~~ | ~~-$67,050.67~~ |
| ~~Michael Forest Hoeferlin, Jr.[4]~~ | ~~5,218~~ | ~~5,218~~ | ~~$36,100.00~~ | ~~-$25,380.00~~ |

As shown above, the Barnetzkes have the largest financial loss among the movants. The Barnetzkes also expended the most funds in connection with purchases of Caribou securities and purchased and retained the largest number of shares.

Given that the Barnetzkes assert the largest financial losses among the movants by a substantial margin, the Barnetzkes are entitled to invoke the PSLRA's "most adequate plaintiff" presumption.

**C.    The Barnetzkes Satisfy Rule 23**

The PSLRA also requires that the lead plaintiff satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  When assessing a potential Lead Plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See Cavanaugh*, 306 F.3d at 730; *see also Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 671 (C.D. Cal. 2005) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy

---

[3]    As mentioned above, Jackson filed a Notice of Withdrawal on March 6, 2025.  ECF No. 25. Consequently, Jackson does not dispute the Barnetzke's reported losses.

[4]    As mentioned above, Hoeferlin filed a Statement of Non-Opposition on March 10, 2025. ECF No. 27. Consequently, Hoeferlin does not dispute the Barnetzke's reported losses.

requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

The Barnetzkes' claims are clearly typical of the Class's claims. The Barnetzkes acquired Caribou securities during the Class Period, suffered damages as a result of the false and misleading statements made by Defendants, and possesses claims against Defendants under the federal securities laws. Because the factual and legal bases of the Barnetzkes' claims are similar to those of the Class's claims, they necessarily satisfy the typicality requirements. *See Weisz v. Calpine Corp.*, No. 4:02-CV-1200, 2002 WL 32818827, at *9 (N.D. Cal. Aug. 19, 2002) (finding movants typical when they "acquired securities during the Class Period, at prices allegedly inflated by the defendants' misconduct, and sustained damages as a result."); *In re Heritage Bond Litig.*, No. MDL 02-ML-1475 DT, 2004 WL 1638201, at *7 (C.D. Cal. July 12, 2004) ("Courts have held that if the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of the factual differences.")

The Barnetzkes will also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The requirement of adequacy is satisfied on proof of (1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation. *See Miller v. Ventro Corp.*, No. 01-CV-1287, 2001 WL 34497752, at *12 (N.D. Cal. Nov. 28, 2001) ("The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive."); *Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 WL 682882, at *3 (C.D. Cal. Mar. 2, 2012) (The adequacy "prong is satisfied where the lead plaintiff's attorneys are qualified and where its interests are not antagonistic to those of the class."); *In re Countrywide Fin. Corp. Sec. Litig.*, 273 F.R.D. 586, 603 (C.D. Cal. 2009) ("The two key inquiries [of adequacy] are (1) whether there are conflicts within the class; and (2) whether plaintiffs and counsel will vigorously fulfill their duties to the class.").

6

**ROBERT BARNETZKE AND PAMELA BARNETZKE'S MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; Case No. 3:24-cv-09413-VC**

As evidenced by the representations in the Barnetzkes' certifications, *see* Omoto Decl., Ex. B (ECF No. 18-3), the Barnetzkes' interests are perfectly aligned with—and by no means antagonistic to—the Class. *See In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 WL 2905962, at *4 (N.D. Cal. Sept. 8, 2009) (movant's certification evidenced adequacy to serve as lead plaintiff); *Kokkinis v. Aegean Marine Petroleum Network Inc.*, No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010, at *2 (S.D.N.Y. May 19, 2011) (same); *see also Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) (same). Contemporaneously with the filing of the instant motion, the Barnetzkes have submitted a Joint Declaration with additional information about themselves, their work and educational background, and experience investing, clearly demonstrating their adequacy to represent class members. Omoto Decl., Ex. D ¶¶ 2-8 (ECF No. 18-5). Robert Barnetzke has been investing in the stock market for approximately 20 years. *Id.* ¶ 5. Pamela Barnetzke has been investing in the stock market for approximately 5 years. *Id.* ¶ 8. The Barnetzkes manage their own investment decisions. *Id.* ¶¶ 5, 8.

## II.    THE BARNETZKES' SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Barnetzkes are entitled to select and retain Lead Counsel for the Class, subject to the Court's approval.

The Barnetzkes have selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned[5] law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Opening Brief 10-13; Omoto Decl., Ex. E, Faruqi Firm resume (ECF No. 18-6).

Further, the Faruqi Firm currently serves as lead counsel in several prominent securities class actions. *See, e.g., Salem v. Methode Electronics, Inc.*, No. 1:24-cv-07696 (N.D. Ill.)

---

[5]    *See* Omoto Decl., Ex. F (ECF No. 18-7).

7

(appointed sole lead counsel for the class); *Wayne v. Maxeon Solar Techs., Ltd.*, No. 24-cv-03869-EMC (N.D. Cal.) (appointed sole lead counsel for the class); *Labelle v. Future FinTech Grp., Inc.*, No. 2:24-cv-00247-JXN-JSA (D.N.J.) (appointed sole lead counsel for the class); *Clifton v. Willis*, No. 1:22-cv-03161-DDD-JPO (D. Colo.) (appointed sole lead counsel for the class of NewAge, Inc. shareholders); *Lim v. Hightower*, No. 4:23-cv-01454-BYP (N.D. Ohio) (appointed sole lead counsel for the class of Lordstown Motors Corp. shareholders); *Alms v. Luminar Techs., Inc.*, No. 6:23-cv-982-JSS-LHP (M.D. Fla.) (appointed sole lead counsel for the class); *In re Revance Therapeutics, Inc. Sec. Litig.*, No. 3:21-cv-09585-AMO (N.D. Cal.) (appointed sole lead counsel for the class); and *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20-4660-KSM (E.D. Pa.) (appointed sole lead counsel for the class).

Not only does the firm have the experience and expertise necessary to obtain significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar.[6]  Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel.  Currently, approximately 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years.  *See* https://www.faruqilaw.com/our-attorneys.

## III.    JACKSON AND HOEFERLIN FILED WITHDRAWAL AND NON-OPPOSITION

As mentioned above, Jackson filed a Notice of Withdrawal, *see* ECF No. 25, and Hoeferlin filed a Statement of Non-Opposition, *see* ECF No. 27. Moreover, Defendants also filed

---

[6]     *See* Anne Cullen, *More Judges Are Demanding Diversity Among Class Counsel*, Law360 (July 16, 2020), https://www.law360.com/articles/ 1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, *Calls for Lawyer Diversity Spread to Complex Class Litigation*, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/ XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

**ROBERT BARNETZKE AND PAMELA BARNETZKE'S MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; Case No. 3:24-cv-09413-VC**

a notice of non-opposition, stating that they take no position on which movant should be appointed lead plaintiff. Consequently, the Barnetzkes' Motion is unopposed.

**IV.      CONCLUSION**

Accordingly, the Barnetzkes respectfully request that the Court: (1) appoint the Barnetzkes as Lead Plaintiffs for the Action; (2) approve their selection of the Faruqi Firm as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

Dated:  March 10, 2025                                   Respectfully submitted,

By: /s/ *James M. Wilson, Jr.*
       James M. Wilson, Jr.

James M. Wilson, Jr. (appearance *pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: jwilson@faruqilaw.com

Robert W. Killorin (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617
Facsimile: 404-506-9534
Email: rkillorin@faruqilaw.com

Lisa T. Omoto SBN 303830
**FARUQI & FARUQI, LLP**
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: 424-256-2884
Facsimile: 424-256-2885
E-mail: lomoto@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiffs*
*Robert Barnetzke and Pamela Barnetzke and*
*[Proposed] Lead Counsel for the putative Class*

9

**ROBERT BARNETZKE AND PAMELA BARNETZKE'S MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; Case No. 3:24-cv-09413-VC**