Lisa T. Omoto SBN 303830
E-mail: lomoto@faruqilaw.com
**FARUQI & FARUQI, LLP**
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: 424-256-2884
Facsimile: 424-256-2885

James M. Wilson, Jr. (*pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: jwilson@faruqilaw.com

*Attorneys for Lead Plaintiffs*
*Robert Barnetzke and Pamela Barnetzke*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SAYLOR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CARIBOU BIOSCIENCES, INC., RACHEL E. HAURWITZ, and JASON V. O'BYRNE,<br><br>Defendants. | Case No. 3:24-cv-09413-VC<br><br>**UNOPPOSED MOTION FOR ADMINISTRATIVE RELIEF TO APPROVE VOLUNTARY DISMISSAL OF ACTION**<br><br>**CLASS ACTION**<br><br>Judge: Hon. Vince Chhabria |

**MOTION FOR ADMINISTRATIVE RELIEF TO APPROVE DISMISSAL**
**Case No. 3:24-cv-09413-VC**

Pursuant to Civil Local Rule 7-11 and Paragraph 54 of the Court's Standing Order for Civil Cases ("Standing Order"), Lead Plaintiffs Robert Barnetzke and Pamela Barnetzke ("Plaintiffs" or the "Barnetzkes") hereby request that the Court approve their voluntary dismissal of this action (the "Action") without prejudice.

## I.    RELEVANT PROCEDURAL HISTORY

Jacob Saylor filed the original putative class action complaint (the "Complaint") in this Action on December 24, 2024 against Caribou Biosciences, Inc. ("Caribou"), Rachel E. Haurwitz, and Jason V. O'Bryne (collectively, "Defendants"), alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder. *See* ECF No. 1. Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), Plaintiffs were appointed Lead Plaintiffs by this Court on March 25, 2025 and their counsel was appointed Lead Counsel. ECF No. 30. Under the operative orders, any amended complaint in this Action was due to be filed by April 15, 2025. *See* ECF Nos. 11, 30. To date, no defendant has filed an answer or motion for summary judgment in this Action, and no class has been certified in this Action.

Under Paragraph 54 of the Court's Standing Order, the parties to a putative class action seeking a pre-certification dismissal must "submit a request for dismissal explaining how a dismissal would not prejudice the unnamed class members whose claims are not being resolved by the settlement" and must consider "whether the unnamed class members need to be notified of the dismissal." Paragraph 54 cites several cases (cited in Section II, *infra*), all of which rely on *Diaz v. Trust Territory of Pac. Islands*, 876 F. 2d 1401, 1408 (9th Cir. 1986), that discuss the factors for evaluating a pre-certification settlement and dismissal of a putative class action.

To be clear, there is no settlement involved here, and Plaintiffs and their attorneys neither sought nor received any consideration whatsoever in exchange for dismissal. Plaintiffs respectfully submit that the *Diaz* factors for approval of a pre-certification dismissal are satisfied as explained below, and that notice to putative class members is not required.

1

**MOTION FOR ADMINISTRATIVE RELIEF TO APPROVE DISMISSAL**
**Case No. 3:24-cv-09413-VC**

## II.    POTENTIAL CLASS MEMBERS WILL NOT BE PREJUICED BY DISMISSAL AND NOTICS IS NOT REQUIRED

To determine whether pre-certification dismissal is appropriate, "the Court must inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances; (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations; (3) any settlement or concession of class interest made by the class representative or counsel in order to further their own interests." *Lyons v. Bank of America, NA*, 2012 WL 5940846, at *1 (N.D. Cal. Nov. 27, 2012) (citing *Diaz*, 876 F.2d at 1408).[1]  "The central purpose of this inquiry is to determine whether the proposed settlement and dismissal are tainted by collusion or will prejudice putative members." *Dunn v. Teachers Ins. & Annuity Assoc. of Am.*, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016).  If a Court concludes that it will, "district courts **may** require notice to putative class members." *Id.*

As set forth below, the *Diaz* factors are satisfied and favor approving dismissal without notice to putative class members.

First, potential class members are unlikely to have relied to their detriment on this lawsuit, let alone to the extent that they will be prejudiced by the dismissal.  The only relevant media coverage regarding the lawsuit of which Plaintiffs are aware were the notices filed pursuant to the PSLRA's requirement that notice of the complaint be published within 20 days after it is filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); ECF No. 18-2 (copy of the first-filed notice).  That media coverage has ceased given that the deadline to file a motion for appointment as lead plaintiff passed in February.  *See* ECF No. 18 at 6.  Although this Action was mentioned in Caribou's SEC filings (*see, e.g.*, Caribou's 2024 Form 10-K filed Mar. 10, 2025), Plaintiffs do not believe such filings would lead putative class members to rely on this Action to their detriment.  Furthermore, Plaintiffs anticipate that Caribou's future SEC filings will no longer list

---

[1]    Unless otherwise noted, all emphases are added and all internal citations and quotations are omitted.

2

**MOTION FOR ADMINISTRATIVE RELIEF TO APPROVE DISMISSAL**
**Case No. 3:24-cv-09413-VC**

this Action as an active "legal proceeding," which will serve to notify potential class members that the Action is no longer pending.

Second, even if some putative class members relied on this lawsuit, there is adequate time for class members to file other actions, as there is no "rapidly approaching statute of limitations." *Lyons*, 2012 WL 5940846, at *1. This Action alleges conduct that took place up to July 26, 2024. *See* ECF No. 1 ¶ 1. There is a two-year statute of limitations on claims brought under Sections 10(b) and 20(a) of the Exchange Act. *See Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 637-38 (2010) (stating that a private securities fraud action is timely if filed no more than "2 years after discovery of the facts constituting the violation"). Thus, there is sufficient time for putative class members to file their own cases if they believe there is a basis to do so.

Third, there has been no settlement or concession of class interests made by Plaintiffs or counsel to further their own interest. As noted above, neither Plaintiffs nor their counsel have sought or received any consideration whatsoever in exchange for dismissal. Additionally, the requested dismissal is without prejudice. *See Lyons*, 2012 WL 5940846, at *2 ("[B]ecause the parties intend to dismiss the class claims without prejudice, absent class members would still be able to bring suit against Defendants."); *Tombline v. Wells Fargo Bank, N.A.*, 2014 WL 5140048, at *3 (N.D. Cal. Oct. 10, 2014) ("Because the settlement does not prevent putative class members from pursuing claims, they are not likely, as a general matter, to be prejudiced.").

**III.    CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the proposed order dismissing the Action without prejudice. This administrative motion is accompanied by a stipulation signed by all parties and a proposed order in compliance with Civil Local Rule 7-11(a).

Dated: April 15, 2025                                    **FARUQI & FARUQI, LLP**

                                                         By: /s/ *James M. Wilson, Jr.*
                                                              James M. Wilson, Jr.

**MOTION FOR ADMINISTRATIVE RELIEF TO APPROVE DISMISSAL**
**Case No. 3:24-cv-09413-VC**

James M. Wilson, Jr. (*pro hac vice*)
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: jwilson@faruqilaw.com

**FARUQI & FARUQI, LLP**
Lisa T. Omoto (SBN 303830)
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: 424-256-2884
Facsimile: 424-256-2885
E-mail: lomoto@faruqilaw.com

*Attorneys for Lead Plaintiffs Robert Barnetzke and Pamela Barnetzke and Lead Counsel for the putative Class*

4

**MOTION FOR ADMINISTRATIVE RELIEF TO APPROVE DISMISSAL**
**Case No. 3:24-cv-09413-VC**